**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ABIGAIL HERRIN,**

        **Plaintiff,**

**v.**                           **Case No.**

**GOOD FOOD CREATIONS, LLC,**
**a Florida limited liability company;**
**and KEVIN LACASSIN, an**
**Individual,**

        **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ABIGAIL HERRIN (hereafter "Plaintiff"), hereby sues Defendants, GOOD FOOD CREATIONS, LLC, a Florida limited liability company ("GFC"), and KEVIN LACASSIN, an Individual ("Lacassin"), and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff is bringing this action against Defendants GFC and Lacassin to seek redress for unpaid overtime and retaliatory discharge in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff also seeks recovery of unpaid sales commissions for events she sold and earned during her employment as an event specialist.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 & 1367.

-1-

3.     The Court has personal jurisdiction over each defendant. Defendant GFC conducts operations in the Middle District of Florida and Lacassin is a resident and citizen of Hillsborough County, Florida.

4.     Defendant's unlawful conduct in violation of the FLSA was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida.

5.     Defendant GFC is an enterprise engaged in commerce and a covered employer within the meaning of the FLSA. Defendant GFC caters events using products and materials transported in interstate commerce and conducts business using instrumentalities of interstate commerce. Defendant GFC's annual revenues exceed $500,000.

6.     At all times material, Defendant Lacassin was a managing member of Defendant GFC and exercised control over the terms and conditions of Plaintiff's employment including hours of work and rates of pay.  Lacassin also made the decision to retaliate against Plaintiff for objecting to overtime work without pay, i.e., working events Plaintiff sold without compensation. Consequently, Defendant Lacassin was an employer within the meaning of the FLSA.

## **FACTUAL BACKGROUND**

7.     Plaintiff was initially employed by Defendants beginning in July 2022 as an Event Specialist. Plaintiff was responsible to sell and plan banquet or catering events for customers.

8.     Because Defendant GFC did not operate a distinct banquet hall, it was not an "establishment" within the meaning of 29 C.F.R. § 779.23. The term establishment

refers to a "distinct physical place of business."  Locations secured by customers to host events are not establishments.[1]

9.     Plaintiff was expressly informed that she would be reporting to an Event Manager when GFC hired one. One was never hired during Plaintiff's employment with Defendant GFC.  Defendants did not expect Plaintiff to execute events beyond maintaining a positive relationship with the customer.

10.     At the time of hire, Defendant GFC employed Courtney Flynn in a hybrid capacity as Director of Catering and Event Specialist.  Flynn worked the events she sold but was paid a much higher salary compared to Plaintiff and received commissions and quarterly bonuses. Flynn was Plaintiff's supervisor.

11.     Plaintiff was paid a base salary of $30,000 plus commissions on events she sold. Plaintiff was a full-time sales employee and was never expected to perform manual tasks related to events. Plaintiff's base salary and commissions covered 40 hours per week.

12.     Commissions paid to Plaintiff derived from food sales (5 percent), coffee sales (20 percent), and alcohol (5 percent).

13.     Because Defendants did not hire an Event Manager, beginning in or around August 2022, Plaintiff was forced to work unplanned overtime, often requiring extensive manual labor to execute the events she sold.

---

[1] Employees who provide services at a customer's facility are not "establishments" within the meaning of the FLSA. See Brennan v. Greene's Propane Gas Serv., Inc., 479 F.2d 1027, 1032 (5th Cir. 1975); Wirtz v. Keystone Readers Serv., Inc., 418 F.2d 249, 255 (5th Cir. 1969) ("While salesmen may inhabit establishments, in normal parlance they certainly do not constitute them.").

14.     Plaintiff was very successful in her sales efforts.  This increased the number of overtime hours Plaintiff worked.

15.     Defendants informed Plaintiff at the time of hire that she would only work events until an Event Manager was hired.

16.     Plaintiff never agreed to work overtime without any pay. Plaintiff was not paid any additional salary or additional commissions for working overtime.

17.     Plaintiff's Event Specialist job description states that Plaintiff must be able to work overtime "**when needed**." Defendants made inadequate efforts to mitigate the need for Plaintiff to work overtime.

18.     Plaintiff was required to perform extensive manual labor and other non-supervisory work while working the events.

19.     Plaintiff complained to Flynn multiple times that working unpaid overtime was a violation of the FLSA. Flynn made multiple efforts to lull Plaintiff into being patient.

20.     The unpaid overtime was taking a toll on Plaintiff's health.

21.     Plaintiff was retaliated against for complaining about the FLSA violations and was discharged January 5, 2023.

22.     At the time of her discharge, Plaintiff was owed commissions on events that were already executed.

23.     At the time of her discharge, Plaintiff had sold numerous future events that will be executed in 2023. Plaintiff never agreed to forfeiture of earned commissions as to events to be executed in the future.

## COUNT I: OVERTIME VIOLATIONS UNDER FLSA

24.     Plaintiff restates the allegations contained in paragraphs 1 through 23.

25.     Defendants repeatedly and willfully violated the FLSA by failing to pay overtime compensation representing one and one-half times Plaintiff's hourly rate of compensation for hours worked in excess of 40 per week.

26.     Plaintiff occupied a non-exempt position with Defendants.

27.     Defendants understaffed their operation by failing to hire an Event Manager.

28.     Plaintiff worked 332.5 hours of unpaid overtime between August 23, 2022 and December 17, 2022.

29.     Plaintiff has been damaged by the foregoing willful conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Order Defendant pay an award of back pay and liquidated damages to Plaintiff;

B.     Order Defendant to pay prejudgment interest on all sums due Plaintiff;

C.     Order Defendant to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF FLSA

30.     Plaintiffs incorporate paragraphs 1 through 23 as if fully stated herein.

31.     Plaintiff engaged in protected activity by complaining of practices that violated the FLSA.

32.     Plaintiff was discharged by Defendants in retaliation for her complaints of violations of the FLSA.

33.     Plaintiff is entitled to an award of damages representing all compensation Plaintiff would have received or to which she was lawfully entitled but for her discharge.

WHEREFORE, Plaintiffs request this Honorable Court to:

   A.     Grant a judgment requiring Defendant to pay to Plaintiff back wages and prejudgment interest;

   B.     Grant Plaintiff costs and an award of reasonable attorney's fees pursuant to the FLSA; and

   D.     Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT III - BREACH OF CONTRACT AGAINST DEFENDANT GFC

34.     Plaintiff restates the allegations contained in paragraphs 1 through 23.

35.     Defendant GFC has breached and repudiated its commission policies by failing to pay commissions on sales generated by Plaintiff for events executed prior to Plaintiff's discharge.

36.     Plaintiff is also entitled to commissions on events to be executed in 2023 as the commission policy lacks any forfeiture provision that takes effect upon separation of employment.

37.     Plaintiff has been damaged by conduct of Defendant.

WHEREFORE, Plaintiff requests a judgment against Defendant for:

   A.     Damages for repudiation of its contract;

   B.     Pre-judgment interest;

   C.     Attorney's fees and costs pursuant to section 448.08, Florida Statutes; and

D.      Such further relief as the Court deems just, necessary, and proper.

## <u>COUNT IV - UNJUST ENRICHMENT</u>

38.     Plaintiff realleges paragraphs 1 through 23.

39.     Plaintiff conferred a benefit on Defendant GFC by selling multiple events to be executed in 2023.

40.     It would be unjust for Defendant GFC to reap the benefits of Plaintiff's sales without paying the reasonable value for such services.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.      Order Defendant GFC to pay an award of damages to compensate Plaintiff for the unjust enrichment;

B.      Order Defendants to pay prejudgment interest on all sums due Plaintiff; and such further relief as the Court deems just, necessary, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

<u>/s/ Craig L. Berman</u>
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**